# Supreme Court of Florida

_____

No. SC2024-0029

_____

**IN RE: AMENDMENTS TO RULES REGULATING THE FLORIDA
BAR – CHAPTER 3.**

September 5, 2024
**CORRECTED OPINION**

PER CURIAM.

The Florida Bar petitions the Court to amend Chapter 3 of the

Rules Regulating The Florida Bar.[1]  We adopt the Bar's proposed

amendments with some modifications.

## BACKGROUND

The Bar proposes amending rules 3-3.4 (Grievance

Committees), 3-5.2 (Emergency Suspension; Interim Probation;

Interim Placement on the Inactive List for Incapacity Not Related to

Misconduct; and Freezing Trust Accounts), 3-5.3 (Diversion of

Disciplinary Cases to Practice and Professionalism Enhancement

---

1.  We have jurisdiction.  _See_ art. V, § 15, Fla. Const.; _see also_
R. Regulating Fla. Bar 1-12.1.

Programs), 3-7.2 (Procedures on Criminal or Professional Misconduct; Discipline on Determination or Judgment of Guilt of Criminal Misconduct; Discipline on Removal from Judicial Office), 3-7.4 (Grievance Committee Procedures), 3-7.5 (Procedures Before the Board of Governors), 3-7.10 (Reinstatement and Readmission Procedures), 3-7.11 (General Rules of Procedure), 3-7.12 (Disciplinary Revocation of Admission to The Florida Bar), 3-7.13 (Incapacity Not Related to Misconduct), and 3-7.16 (Limitation on Time to Open Investigation). The Bar also proposes the addition of new rule 3-7.15 (Procedures on Frozen Trust Accounts).

The proposed amendments were approved by the Board of Governors of The Florida Bar on a voice vote without objection, and consistent with rule 1-12.1(g), the Bar published formal notice of its intent to file the petition in *The Florida Bar News*. The notice directed interested parties to file comments directly with the Court. No comments were received.

Having considered the Bar's petition, we adopt the Bar's proposed amendments to Chapter 3 of the Rules Regulating The Florida Bar with some modifications. We explain the modifications below, along with some of the more significant rule changes.

**AMENDMENTS**

Rule 3-3.4(c) (Membership, Appointment, and Eligibility) is amended to require that nonlawyer members of grievance committees not be current or former members of the Bar or any other state bar.  The rule is also amended to clarify that lawyer members of grievance committees must be in good standing and eligible to practice law in Florida when appointed.

In rule 3-5.2, all references to interim placement on the inactive list due to incapacity are deleted.  Specifically, references to placement on the inactive list are deleted from rule 3-5.2's title and from subdivision (b)(1) (Petition).  Subdivision (b)(4) (New Cases and Existing Clients), which contains the wind down requirements for lawyers placed on the inactive list, is deleted entirely.  Placement on the inactive list due to incapacity will now be governed by one rule, the amended version of rule 3-7.13.

Rule 3-5.2 is also amended to delete a reference to freezing trust accounts in the rule's title, and to entirely delete the procedures for disposing of funds held in a frozen trust account in subdivisions (c)(2) through (c)(9).  The procedures for disposing of funds held in a frozen trust account are now located in new

rule 3-7.15. At the end of what is now rule 3-5.2(c) (Trust Accounts), the Bar proposed adding a sentence referencing the procedures for frozen trust accounts articulated in new rule 3-7.15. For added clarity, however, we revise the Bar's proposal to read: "Funds held in a frozen trust account must be disposed of in accordance with the procedures provided elsewhere in these rules."

Next, we decline to amend rule 3-7.2(c) (Notice of Institution of Felony Criminal Charges) to specify a 10-day period after entry of an indictment or information in which a state attorney must provide the Bar with a copy of an indictment or information if he or she is aware a criminal defendant is a member of the Bar. The requirement in rule 3-7.2(c) that a state attorney provide the Bar with a copy of a charging document acts as a backstop to the rule's initial requirement that a member of the Bar who is the subject of an information or indictment provide such materials to the Bar within 10 days of their entry. That is, the requirement ensures that the Bar is made aware of a pending criminal matter in the event a Bar member fails to timely comply with rule 3-7.2(c). The amendment proposed by the Bar would reduce the requirement's effectiveness as a backstop, since it is not clear that a state attorney

would be required to provide the Bar with a copy of the charging document if he or she becomes aware of a criminal defendant's status as a member of the Bar after the 10-day period. We believe that requiring prompt provision of the charging document will be more effective.

New subdivision (i) (Use of Expunged or Sealed Records) is added to rule 3-7.2. Under the new subdivision, the Bar may use expunged or sealed arrest or court records in Bar discipline cases that are either in its possession or obtainable. And rule 3-7.12(c) (Judgment) is amended to add freezing of a petitioner's trust account and restitution to the list of conditions that may be included in an order granting disciplinary revocation.

Finally, as previously noted, new rule 3-7.15 now contains, with some modifications, the procedures for disposing of funds held in a frozen trust account that were located in rule 3-5.2. We, however, delete from the Bar's proposal for rule 3-7.15(a) (Effect of Order Restricting Lawyer Trust Account) language permitting an order freezing a lawyer's trust account to also freeze his or her personal and operating accounts.

# CONCLUSION

Accordingly, Chapter 3 of the Rules Regulating The Florida Bar is amended as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. The amendments become effective November 4, 2024, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules Regulating The Florida Bar

Roland Sanchez-Medina, Jr., President, Rosalyn Sia Baker-Barnes, President-elect, Joshua E. Doyle, Executive Director, and Elizabeth Clark Tarbert, Division Director, Lawyer Regulation, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

## RULE 3-3.4.   GRIEVANCE COMMITTEES

The board will appoint grievance committees as provided in this rule.  Each grievance committee has the authority and jurisdiction required to perform the functions assigned to it, which are as follows:.

**(a)   Circuit Grievance Committees.**  The board will appoint at least 1 grievance committee for each judicial circuit of this state and as many more as the board chooses.  These committees will be designated as judicial circuit grievance committees, and, in circuits having more than 1 committee, they will be identified by alphabetical designation in the order of creation.  These committees will be continuing bodies notwithstanding changes in membership, and they will have jurisdiction and the power to proceed in all matters properly before them.

**(b)   Special Grievance Committees.**  The board may appoint grievance committees for the purpose of investigations or specific tasks assigned in accordance with these rules.  These committees will continue only until the completion of tasks assigned, and they will have jurisdiction and power to proceed in all matters assigned to them.  All provisions concerning grievance committees apply to special grievance committees, except those concerning terms of office and other restrictions imposed by the board.  Any vacancies occurring in such a special grievance committee will be filled by the board, and any changes in members will not affect the jurisdiction and power of the committee to proceed in all matters properly before it.

**(c)   Membership, Appointment, and Eligibility.**  Each grievance committee will be appointed by the board and must have at least 3 members.  At least one-third of the committee members must be nonlawyers who are not current or former members of The Florida Bar or any other state bar, including the District of Columbia.  All appointees must be of legal age and, except for special grievance committees, must be residents of the circuit or

have their principal office in the circuit. The lawyer members of the committee must have been members of The Florida Bar for at least 5 years and in good standing and eligible to practice law in Florida at the time of appointment to the committee.

A member of a grievance committee must not perform any grievance committee function when that member:

(1) - (4)  [No Change]

On notice of the above prohibitions, the affected members should recuse themselves from further proceedings. The grievance committee chair has the power to disqualify any member from any proceeding in which any of the above prohibitions exist and are stated orally on the record or memorialized in writing by the chair.

**(d) – (h)**  [No Change]


**RULE 3-5.2.  EMERGENCY SUSPENSION; AND INTERIM PROBATION; INTERIM PLACEMENT ON THE INACTIVE LIST FOR INCAPACITY NOT RELATED TO MISCONDUCT; AND FREEZING TRUST ACCOUNTS**

**(a)**  [No Change]

**(b)  Petition for Interim Probation or Interim Placement on the Inactive List for Incapacity Not Related to Misconduct.**

(1)  *Petition.* The Supreme Court of Florida may issue an order placing a lawyer on interim probation under the conditions provided in rule 3-5.1 or placing the lawyer on the inactive list for incapacity not related to misconduct as provided elsewhere in this chapter on petition of The Florida Bar, authorized by its president, president-elect, or executive director and supported by 1 or more affidavits demonstrating facts personally known to the affiants that, if unrebutted, would establish clearly and convincingly that

conditions or restrictions on a lawyer's privilege to practice law in Florida are necessary to protect the public.

(2) – (3)    [No Change]

(4)    *New Cases and Existing Clients.* Any order placing a lawyer on the inactive list for incapacity not related to misconduct under this subdivision immediately precludes the lawyer from accepting any new cases and, unless otherwise ordered, permits the lawyer to continue to represent existing clients for only the first 30 days after issuance of the order. Any fees paid to the lawyer during the 30-day period must be deposited in a trust account from which withdrawals may be made only in accordance with restrictions imposed by the court. An order placing the lawyer on interim probation under this subdivision may preclude the lawyer from accepting new cases either immediately or during a time specified in the order and may require that the lawyer deposit any fees paid to the lawyer during a specified time period in a trust account from which withdrawals may be made only in accordance with restrictions imposed by the order.

(54)  *Hearings on Issues Raised in Petitions for Interim Probation.* Once the Supreme Court of Florida has granted a petition for interim probation under this rule, the referee appointed by the court will hear the matter in the same manner as provided in rule 3-7.6, except that the referee will hear the matter after the lawyer charged has answered the charges in the petition for interim probation or when the time has expired for filing an answer. The referee will issue a final report and recommendation in an electronic format approved by the supreme court within 90 days of appointment. If the time limit specified in this subdivision is not met, that portion of an emergency order imposing an interim probation will be automatically dissolved, except on order of the Supreme Court of Florida, provided that any other appropriate disciplinary action on the underlying conduct still may be taken.

(65)  *Review by the Supreme Court of Florida.* The Supreme Court of Florida will review and act on the referee's findings and recommendations regarding interim probations on

receipt of the referee's report.  Briefing schedules following the petition for review are as set forth in subchapter 3-7 of these rules.

**(c)    Trust Accounts.**

(1)    *Effect of Order Restricting Lawyer Trust Account.* Any order of emergency suspension, or interim probation, or interim placement on the inactive list that restricts the lawyer in maintaining a trust account will be served on the respondent and any bank or other financial institution maintaining an account against which the respondent may make withdrawals.  The order enjoins the bank or financial institution from making further payment from the trust account or accounts on any obligation, except in accordance with restrictions imposed by the court through subsequent orders issued by a court-appointed referee. Bar counsel will serve a copy of the Supreme Court of Florida's order freezing a lawyer's trust account via first class mail on any bank in which the respondent's trust account is held.  Funds held in a frozen trust account must be disposed of in accordance with the procedures provided elsewhere in these rules.

(2)    *Appointment of Referee.*  The Supreme Court of Florida will promptly appoint or direct the appointment of a referee on determination that funds have been misappropriated from a lawyer's trust account as provided above.

(3)    *Referee's Authorization and Claims to Trust Funds.* The court's order appointing a referee under this rule may authorize the referee to determine entitlement to funds in the frozen trust account.  Any client or third party claiming entitlement to funds in the frozen trust account must file a petition requesting release of frozen trust account funds with the referee appointed in the case, accompanied by proof of entitlement to the funds.

(4)    *Notice by Bar.*  The bar will provide information to the appointed referee from bar audits and other existing information regarding persons claiming entitlement to frozen trust account funds.  The bar will notify persons known to bar staff in writing via regular first class mail of their possible interest in funds

- 10 -

contained in the frozen trust account. The notices will include a copy of the form of a petition requesting release of frozen trust account funds to be filed with the referee and instructions for completing the form. The bar will publish in the local county or city newspaper published where the lawyer practiced before suspension a notice informing the public that the lawyer's trust account has been frozen and those persons with claims on the funds should contact listed bar counsel within 30 days after publication whenever possible.

(5) *Appointment and Payment of Receiver.* The referee may appoint a receiver to determine the persons rightfully entitled to the frozen trust account funds if there are no responses to the notices mailed and published by the bar within 90 days from the date of the notice or if the amount in the frozen trust account is over $100,000. The receiver will be paid from the corpus of the trust funds unless the referee orders otherwise.

(6) *Summary Proceedings.* The referee will unfreeze trust account funds if the amount in the frozen trust account is $5,000 or less and no persons with potential entitlement to frozen trust account funds respond to the bar's mailed or published notices within 90 days from the date of the notice.

(7) *Referee Review of Frozen Trust Account Petitions.* The referee determines when and how to pay the claim of any person entitled to funds in the frozen trust account after reviewing the bar's audit report, the lawyer's trust account records, the petitions filed, or the receiver's recommendations. The referee may hold a hearing if the bar's audit report or other reliable evidence shows that funds have been stolen or misappropriated from the lawyer's trust account. Subchapter 3-7 will not apply to a referee hearing under this rule. No pleadings may be filed other than petitions requesting release of frozen trust account funds. The parties to this referee proceeding are those persons filing a petition requesting release of frozen trust account funds. The bar is not a party to the proceeding. The referee's order is the final order in the matter unless one of the parties petitions for review of the referee's order to the Supreme Court of Florida. The sole issue before the

referee is determination of entitlement to the frozen trust account funds. The referee determines the percentage of monies missing from the respondent's trust account and the amounts owing to those petitioners requesting release of frozen trust account funds. The referee will order a pro rata distribution if there are insufficient funds in the account to pay all claims in full.

(8) *Separate Funds in Frozen Trust Accounts.* The referee will order return of any separate funds to their rightful owner(s) in full on the filing of a petition requesting release of frozen trust account funds with proof of entitlement to the funds. Separate funds are monies deposited into the respondent's trust account after the misappropriation, which are not affected by the misappropriation, and funds that have been placed into a separate segregated individual trust account under the individual client's tax identification number.

(9) *Review by Supreme Court of Florida.* The referee's final order is subject only to direct petition for review by a party claiming entitlement to the frozen trust account funds. The petition for review must be filed within 60 days of the referee's final order. Briefing schedules after the petition for review is filed are set forth in subchapter 3-7 of these rules.

**(d) – (e)** [No Change]

**RULE 3-5.3. DIVERSION OF DISCIPLINARY CASES TO PRACTICE AND PROFESSIONALISM ENHANCEMENT PROGRAMS**

**(a) – (b)** [No Change]

**(c) Limitation on Diversion.** A respondent who has been the subject of a prior diversion is not eligible for diversion for the same type of rule violation for a period of 5 years after the earlier diversion. A respondent who has been the subject of a prior diversion and then is alleged to have violated a completely different type of rule at least 1 year after the initial diversion will be eligible

- 12 -

for a practice and professionalism enhancement program.  The calculation of the time period for eligibility begins when the respondent accepts diversion and ends when the respondent's other misconduct is reported to the bar.

**(d)     Approval of Diversion of Cases at Staff or Grievance Committee Level Investigations.**  The bar will ~~not~~ offer a respondent the opportunity to divert a disciplinary case that is pending at staff or grievance committee level investigations to a practice and professionalism enhancement program ~~unless~~only if staff counsel or staff counsel's designee, the grievance committee chair, and the designated reviewer concur.

**(e)     Contents of Diversion Recommendation.**  ~~If a diversion recommendation is approved as provided in subdivision (d), the~~An approved diversion recommendation must state ~~the~~all practice and professionalism enhancement ~~program(s)~~programs to which the respondent will be diverted, the general purpose for the diversion, and the diversion fees ~~costs to be paid by~~ the respondent must pay.

**(f)     Service of Recommendation on and Review by Respondent.**  ~~If a diversion recommendation is approved as provided in subdivision (d), the~~The bar must serve ~~the~~an approved diversion recommendation on the respondent, who may accept or reject a diversion recommendation in the same manner as provided for review of recommendations of minor misconduct.  The respondent ~~does not have the~~has no right to reject any specific requirement of a practice and professionalism enhancement program.

**(g)     Effect of Rejection of Recommendation by Respondent.**  If a respondent rejects a diversion recommendation, the matter will be returned for further proceedings under these rules.

**(h)**     [No Change]

**(i)     Diversion at Trial Level.**

(1) – (2)　　[No Change]

(3)　*Costs of~~Fees for~~ Practice and Professionalism Enhancement Program.*  A referee's recommendation of diversion to a practice and professionalism enhancement program must state the <u>diversion fees</u> ~~costs to be paid by~~ the respondent<u> must pay</u>.

(4)　*Appeal of Diversion Recommendation.*  The respondent and the bar have the right to appeal a referee's <u>diversion</u> recommendation ~~of diversion~~, except for a diversion agreed to under subdivision (i)(1).

(5)　[No Change]

**(j)　Effect of Diversion.**  When the recommendation of diversion becomes final, the respondent must enter <u>and complete all requirements of</u> the practice and professionalism enhancement program~~(s) and complete their requirements~~.  The bar <u>then</u>~~will~~ terminate<u>s</u> its investigation into the matter and close<u>s</u> its disciplinary files indicating the diversion on a respondent's entry into a practice and professionalism enhancement program. Diversion into the practice and professionalism enhancement program is not a disciplinary sanction.

**(k)**　[No Change]

**(*l*)　Effect of Failure to Complete the Practice and Professionalism Enhancement Program.**  The bar may reopen its disciplinary file and conduct further proceedings under these rules if a respondent fails to complete all requirements of the practice and professionalism enhancements program(s) to which the respondent is diverted, including payment of associated ~~costs~~<u>fees</u>.  Failure to complete the practice and professionalism enhancement program is an aggravating factor when imposing a disciplinary sanction.

**(m)　~~Costs of~~<u>Fees for</u> Practice and Professionalism Enhancement Programs.**  The Florida Bar ~~will annually~~<u>periodically</u> determine<u>s</u> the ~~costs~~<u>fees</u> of practice and professionalism

enhancement programs ~~and publish the amount of the costs to be assessed against and paid by~~ a respondent_must pay_.

**Comment**

As to subdivision (c)~~of 3~~5.3, a lawyer who agreed to attend the Advertising Workshop in 1 year would not be eligible for diversion for an advertising violation for a period of 5 years following the first diversion.  However, that same lawyer would be eligible to attend the Advertising Workshop 1 year and then attend a Trust Account Workshop for a completely different violation 1 year after the first diversion is completed.


**RULE 3-7.2.    PROCEDURES ON CRIMINAL OR PROFESSIONAL MISCONDUCT; DISCIPLINE ON DETERMINATION OR JUDGMENT OF GUILT OF CRIMINAL MISCONDUCT; DISCIPLINE ON REMOVAL FROM JUDICIAL OFFICE**

**(a)    Definitions.**

(1)    [No Change]

(2)    *Determination of Guilt.*  For the purposes of these rules, "determination of guilt" includes those cases in which the trial court in the criminal proceeding enters an order withholding adjudication of the respondent's guilt of ~~the~~any offense~~(s)~~ charged, those cases in which the convicted lawyer has entered a plea of guilty to criminal charges, those cases in which the convicted lawyer has entered a no contest plea to criminal charges, those cases in which the jury has rendered a verdict of guilty of criminal charges, and those cases in which the trial judge in a bench trial has rendered a verdict of guilty of criminal charges.

(3)    [No Change]

**(b)**    [No Change]

**(c)   Notice of Institution of Felony Criminal Charges.**  Any member of The Florida Bar who is the subject of a felony criminal charge must notify the executive director of The Florida Bar of the charges within 10 days of the filing of the indictment or information and include a copy of the indictment or information.

~~If the state attorney whose office is assigned to a felony criminal case is aware that the defendant is a member of The Florida Bar, the~~The state attorney whose office is assigned to the case must **promptly** provide a copy of the indictment or information to the executive director of The Florida Bar if the state attorney is aware the defendant is a member of The Florida Bar.

**(d)**   [No Change]

**(e)   Notice of Self-Reporting by Members of Determination or Judgment of Guilt of All Criminal Charges.**  A member of The Florida Bar must provide a copy of ~~the~~any document~~(s)~~ entering a determination or judgment for any criminal offense against that member entered on or after August 1, 2006 to the executive director within 10 days of its entry.

**(f)   Suspension by Judgment of Guilt (Felonies).**  The Florida Bar will file a "Notice of Determination or Judgment of Guilt" or a consent judgment for disbarment or disciplinary revocation in the Supreme Court of Florida on receiving notice that a member of the bar has been determined to be or adjudicated guilty of a felony.  A copy of ~~the~~any document~~(s)~~ on which the determination or judgment is based must be attached to the notice. The respondent is suspended as a member of The Florida Bar as defined in rule 3-5.1(e) on filing of the notice with the Supreme Court of Florida and service of the notice on the respondent.

**(g)**   [No Change]

**(h)   Appointment of Referee.**  The Supreme Court of Florida will promptly appoint or direct the appointment of a referee on the entry of an order of suspension as provided above.

(1) – (2) 　[No Change]

(3) 　*Challenge to Sanctions.* The respondent may challenge the imposition of a sanction only on the grounds of mistaken identity or whether the conduct involved constitutes a felony under applicable law.  The respondent may present relevant character evidence and relevant matters of mitigation regarding the proper sanction to be imposed.  The respondent cannot contest the findings of guilt in the criminal proceedings.  A respondent who entered a plea in the criminal proceedings is allowed to explain the circumstances concerning the entry of the plea for purposes of mitigation.

(4) 　*Review of Referee Report and Recommendation.*  The report and recommendations of the referee may be reviewed in the same manner as provided in rule 3-7.7 of these rules.

**(i)** 　**Use of Expunged or Sealed Records.**  The Florida Bar may use sealed or expunged arrest or court records of a Florida Bar member in a disciplinary proceeding in the bar's possession or obtainable by the bar regardless of the record's expunction or sealing.

**(ij)** 　**Appeal of Conviction.**  The suspension will remain in effect during any appeal of the determination or judgment of guilt of a felony offense in the criminal proceeding.  The suspension will remain in effect until the final disposition of the criminal cause if remanded for further proceedings and until the respondent's civil rights have been restored and the respondent has been reinstated unless modified or terminated by the Supreme Court of Florida as elsewhere provided.

**(jk)** 　**Expunction.**  The Supreme Court of Florida may expunge a sanction entered under this rule when a final disposition of the criminal cause has resulted in acquittal or dismissal on motion of the respondent.  A respondent who is the subject of a sanction that is expunged under this rule may lawfully deny or fail to acknowledge the sanction, except when the respondent is a

- 17 -

candidate for election or appointment to judicial office, or as otherwise required by law.

**(k̶l̲)  Waiver of Time Limits.**  The respondent may waive the time requirements s̶e̶t̶ ̶f̶o̶r̶t̶h̶ in this rule by written request made to and approved by the referee or s̶u̶p̶r̶e̶m̶e̶ ̶c̶o̶u̶r̶t̲the Supreme Court of Florida̲.

**(l̶m̲) Professional Misconduct in Foreign Jurisdiction**.

 (1) – (2) [No Change]

**(m̶n̲) Discipline on Removal from Judicial Office.**

 (1) – (4) [No Change]

**RULE 3-7.4. GRIEVANCE COMMITTEE PROCEDURES**

 **(a) – (k)** [No Change]

 **(l) Preparation, Forwarding, and Review of Grievance Committee Complaints.**  If a grievance committee o̶r̶ ̶t̶h̶e̶ ̶b̶o̶a̶r̶d̶ ̶o̶f̶ g̶o̶v̶e̶r̶n̶o̶r̶s̶ finds probable cause, the bar counsel assigned to the committee must promptly prepare a record of its investigation and a formal complaint.  The record before the committee consists of all reports, correspondence, papers, or recordings provided to or received from the respondent, and the transcript of grievance committee meetings or hearings, if the proceedings were attended by a court reporter.  The committee may retire into executive session to debate the issues involved and decide the action to be taken.  T̶h̶e̶ ̶f̶o̶r̶m̶a̶l̶ ̶c̶o̶m̶p̶l̶a̶i̶n̶t̶ ̶m̶u̶s̶t̶ ̶b̶e̶ ̶a̶p̶p̶r̶o̶v̶e̶d̶ ̶b̶y̶ ̶t̶h̶e̶ ̶m̶e̶m̶b̶e̶r̶ ̶o̶f̶ t̶h̶e̶ ̶c̶o̶m̶m̶i̶t̶t̶e̶e̶ ̶w̶h̶o̶ ̶p̶r̶e̶s̶i̶d̶e̶d̶ ̶i̶n̶ ̶t̶h̶e̶ ̶p̶r̶o̶c̶e̶e̶d̶i̶n̶g̶.̶ ̶ ̶T̶h̶e̶ ̶b̶o̶a̶r̶d̶ p̶r̶e̶s̶c̶r̶i̶b̶e̶s̶ ̶t̶h̶e̶ ̶f̶o̶r̶m̶ ̶o̶f̶ ̶f̶o̶r̶m̶a̶l̶ ̶c̶o̶m̶p̶l̶a̶i̶n̶t̶s̶.̶ ̶ ̶I̶f̶ ̶t̶h̶e̶ ̶p̶r̶e̶s̶i̶d̶i̶n̶g̶ ̶m̶e̶m̶b̶e̶r̶ o̶f̶ ̶t̶h̶e̶ ̶g̶r̶i̶e̶v̶a̶n̶c̶e̶ ̶c̶o̶m̶m̶i̶t̶t̶e̶e̶ ̶d̶i̶s̶a̶g̶r̶e̶e̶s̶ ̶w̶i̶t̶h̶ ̶t̶h̶e̶ ̶f̶o̶r̶m̶ ̶o̶f̶ ̶t̶h̶e̶ ̶c̶o̶m̶p̶l̶a̶i̶n̶t̶,̶ t̶h̶e̶ ̶p̶r̶e̶s̶i̶d̶i̶n̶g̶ ̶m̶e̶m̶b̶e̶r̶ ̶m̶a̶y̶ ̶d̶i̶r̶e̶c̶t̶ ̶b̶a̶r̶ ̶c̶o̶u̶n̶s̶e̶l̶ ̶t̶o̶ ̶m̶a̶k̶e̶ ̶c̶h̶a̶n̶g̶e̶s̶.̶ ̶ ̶I̶f̶ b̶a̶r̶ ̶c̶o̶u̶n̶s̶e̶l̶ ̶d̶o̶e̶s̶ ̶n̶o̶t̶ ̶a̶g̶r̶e̶e̶ ̶w̶i̶t̶h̶ ̶t̶h̶e̶ ̶c̶h̶a̶n̶g̶e̶s̶,̶ ̶t̶h̶e̶ ̶m̶a̶t̶t̶e̶r̶ ̶i̶s̶ ̶r̶e̶f̶e̶r̶r̶e̶d̶ t̶o̶ ̶t̶h̶e̶ ̶d̶e̶s̶i̶g̶n̶a̶t̶e̶d̶ ̶r̶e̶v̶i̶e̶w̶e̶r̶ ̶o̶f̶ ̶t̶h̶e̶ ̶c̶o̶m̶m̶i̶t̶t̶e̶e̶ ̶f̶o̶r̶ ̶a̶p̶p̶r̶o̶p̶r̶i̶a̶t̶e̶ ̶a̶c̶t̶i̶o̶n̶.̶ W̶h̶e̶n̶ ̶a̶ ̶f̶o̶r̶m̶a̶l̶ ̶c̶o̶m̶p̶l̶a̶i̶n̶t̶ ̶b̶y̶ ̶a̶ ̶g̶r̶i̶e̶v̶a̶n̶c̶e̶ ̶c̶o̶m̶m̶i̶t̶t̶e̶e̶ ̶i̶s̶ ̶n̶o̶t̶ ̶r̶e̶f̶e̶r̶r̶e̶d̶

~~to the designated reviewer or is not returned to the grievance committee for further action, the~~<ins>Bar counsel must promptly forward the</ins> formal complaint ~~must be promptly forwarded to and reviewed by~~<ins>to</ins> staff counsel<ins> for review</ins>.  Staff counsel must <ins>review and </ins>file the formal complaint and provide a copy to the respondent or respondent's counsel.  Staff counsel must request the Chief Justice of the Supreme Court of Florida to assign a referee or to order the chief judge of the appropriate circuit to assign a referee to try the case.  A copy of the record will be made available to the respondent at the respondent's expense.

If, at any time before the filing of a formal complaint, bar counsel, staff counsel, and the designated reviewer all agree that appropriate reasons indicate that the formal complaint should not be filed, the case may be returned to the grievance committee for further action.

**(m) – (o)**   [No Change]

**RULE 3-7.5.   PROCEDURES BEFORE THE BOARD OF GOVERNORS**

(a)    **Review by the Designated Reviewer.**  ~~Notice~~<ins>Bar counsel will give the designated reviewer notice</ins> of grievance committee action recommending either diversion to a practice and professionalism enhancement program or finding no probable cause, no probable cause with a letter of advice, minor misconduct, or probable cause ~~will be given to the designated reviewer for review~~.  The designated reviewer may request grievance committee reconsideration or refer the matter to the disciplinary review committee of the board of governors within 30 days of notice of grievance committee action<ins> by notifying bar counsel in the matter</ins>.  ~~The request for grievance committee reconsideration or referral to the disciplinary review committee must be in writing and must be submitted to bar counsel.  For purposes of this subdivision, letters, memoranda, handwritten notes, facsimile documents, and e-mail constitute communication "in writing."~~

- 19 -

(1) – (5)     [No Change]

**(b) – (d)**     [No Change]

**(e)     Finding of No Probable Cause.**  A finding of no probable cause by the board is final, and The Florida Bar may conduct no further proceedings ~~may be conducted in the matter by The Florida Bar~~ unless a reason arises at a later time to re-open the file.

**(f)     Finding of Probable Cause.** Bar counsel must promptly forward the formal complaint to staff counsel for review on a finding of probable cause by the board.  Staff counsel must review and file the formal complaint and provide a copy to the respondent or respondent's counsel.  Staff counsel must request the Chief Justice of the Supreme Court of Florida to assign a referee or to order the chief judge of the appropriate circuit to assign a referee to try the case.

**(~~f~~g)     Control of Proceedings.**  Bar counsel, however appointed, is subject to the direction of the board at all times.  The board, in the exercise of its discretion as the governing body of The Florida Bar, has the power to terminate disciplinary proceedings before a referee prior to the receipt of evidence by the referee, whether these proceedings have been instituted on a finding of probable cause by the board or a grievance committee.

**(~~g~~h)     Filing Service on Board of Governors.**  All matters to be filed with or served on the board must be addressed to the board of governors and filed with the executive director.

**(~~h~~i)     Custodian of Bar Records.**  The executive director or ~~his~~the executive director's designees are the custodians of ~~the~~The Florida Bar's official records ~~of The Florida Bar~~.


**RULE 3-7.10.   REINSTATEMENT AND READMISSION PROCEDURES**

**(a) – (m)**     [No Change]

**(n)  Readmission; Applicability.**  A former member who has been disbarred, disbarred on consent, or whose petition for disciplinary resignation or revocation has been accepted may be admitted again only on full compliance with the rules and regulations governing admission to the bar. ~~No application for readmission following disbarment, disbarment on consent, or disciplinary resignation or revocation may be tendered until all restitution and disciplinary costs ordered or assessed have been paid, together with any interest accrued.~~

(1) – (2)    [No Change]

**Comment**
[No Change]

**RULE 3-7.11.  GENERAL RULES OF PROCEDURE**

**(a) – (c)**    [No Change]

**(d)  Issuance of Subpoenas.**  Subpoenas for witnesses' attendance and the production of documentary evidence, except before a circuit court, must be issued as follows.

(1) – (7)    [No Change]

(8)  *Assistance to Other Lawyer Disciplinary Jurisdictions.*  On receipt of a subpoena certified to be issued under the rules or laws of another lawyer disciplinary jurisdiction, the executive director may issue a subpoena directing a person domiciled or found within the state of Florida to give testimony or produce documents or other evidence for use in the other jurisdiction's lawyer disciplinary proceedings as directed in the subpoena of the other jurisdiction.  The practice and procedure applicable to subpoenas issued under this subdivision will be that of the other jurisdiction, except that:

(A)    [No Change]

(B)    compliance with any subpoena issued ~~pursuant to~~under this subdivision and contempt for failure in this respect must be sought under these rules.

**(e)**    [No Change]

**(f)    Contempt.**  When a disciplinary agency, as defined elsewhere in these rules, finds that a person is in contempt under these rules, that person may be cited for contempt in the following manner.

(1)    *Generally.*

(A) – (B)    [No Change]

(C)    Response to Order to Show Cause.

(i)    [No Change]

(ii)    Noncompliance with a Subpoena for Trust Account Records.  Any member subject to an order to show cause for noncompliance with a subpoena for trust accounting records may request the Supreme Court of Florida to:

a.    ~~to~~ withhold entry of an order of suspension, if filed within 10 days of the filing of the petition for contempt and order to show cause, or another time the Supreme Court of Florida may direct in the order to show cause; or

b.    ~~to~~ terminate or modify the order of suspension at any time after the order of suspension is issued.  The Supreme Court of Florida may terminate, modify, or withhold entry of an order of suspension if the member establishes good cause for failure to comply with the subpoena for trust account records.

(D)    Failure to Respond to Order to Show Cause. On failure to timely respond to an order to show cause, the matters alleged in the petition are ~~deemed~~ admitted and the Supreme Court of Florida may enter a judgment of contempt and impose

- 22 -

appropriate sanctions.  Failure to respond may be an additional basis for the Supreme Court of Florida to enter a judgment of contempt and to impose sanctions.

(E) – (H)    [No Change]

(2)    [No Change]

**(g)**    [No Change]

**(h)    Disqualification as ~~Trier and~~ Lawyer or Expert Witness Due to Conflict.**

(1)    *Representation Prohibited.*  Lawyers may not represent, or serve as an expert witness for, a party other than The Florida Bar in disciplinary proceedings authorized by these rules if they are:

(A)    currently serving on a grievance committee or the board of governors;

(B)    board of governors members-elect;

(C)    employees of The Florida Bar; or

(~~C~~D) former grievance committee members ~~of a grievance committee~~, former board of governors members ~~of the board of governors~~, or former Florida Bar employees ~~of The Florida Bar~~ if personally involved to any degree in the matter while a grievance committee or board of governors member ~~of a grievance committee or the board of governors,~~ or while a~~n~~ Florida Bar employee ~~of The Florida Bar~~.

(2)    *Representation Permitted With Consent by the Board of Governors.*  Lawyers may represent, or serve as an expert witness for, a party other than The Florida Bar in disciplinary proceedings authorized by these rules only after receiving consent from the executive director or board of governors if they are:

(A)    former ~~grievance committee~~ members ~~of a grievance committee~~, former board of governors members ~~of the board of governors~~, or former Florida Bar employees ~~of The Florida Bar~~ who did not participate personally in any way in the matter or in any related matter in which the lawyer seeks to be a representative and who did not serve in a supervisory capacity over the matter within 1 year of the service or employment;

(B)    a partner, associate, employer, or employee of ~~a member of a~~ grievance committee member, ~~or a~~ board of governors member ~~of the board of governors~~, or board of governors member-elect; or

(C)    a partner, associate, employer, or employee of a former grievance committee member ~~of a grievance committee~~ or a former board of governors member ~~of the board of governors~~ within 1 year of the former member's service on the grievance committee or board of governors.

**(i)**    [No Change]


## RULE 3-7.12.  DISCIPLINARY REVOCATION OF ADMISSION TO THE FLORIDA BAR

**(a) – (b)**    [No Change]

**(c)    Judgment.**  The Florida Bar must file with the Supreme Court of Florida its response to the petition either supporting or opposing the petition for disciplinary revocation within 60 days after service of the petition on the bar.  The bar's response must be determined by the bar's board of governors.  The bar must serve a copy of the response on the petitioner.  The Supreme Court of Florida will consider the petition, any response, and the charges against the petitioner.  The Supreme Court of Florida may enter judgment granting disciplinary revocation if it has been shown by the petitioner in a proper and competent manner that granting the petition will not adversely affect the public interest, the integrity of the courts, the administration of justice, or the confidence of the

public in the legal profession.  The Supreme Court of Florida otherwise will deny the petition.  A judgment granting disciplinary revocation may require that the disciplinary revocation be subject to appropriate conditions including, but not limited to, <u>freezing of the petitioner's trust account, restitution if the amount and recipient are identifiable,</u> requiring the petitioner to submit to a full audit of all client trust accounts, execute a financial affidavit attesting to current personal and professional financial circumstances, and maintain a current mailing address with the bar for a period of 5 years after the disciplinary revocation becomes final or another time period.

**(d) – (g)**    [No Change]

## Comment
[No Change]

## RULE 3-7.13.    INCAPACITY ~~NOT RELATED TO MISCONDUCT~~

**(a)    Classification ~~and Effect of Incapacity~~.**  ~~Whenever an attorney~~<u>A lawyer</u> who ~~has not been adjudged incompetent~~ is incapable of practicing law because of physical or mental illness, incapacity, or other infirmity~~, the attorney~~ may be classified as an inactive member ~~and shall refrain from the practice of law~~ even ~~though~~<u>if the lawyer has not been adjudged incompetent and</u> no misconduct is alleged or proved.

**(b)    Applicable Rules of Procedure.**  Proceedings under this rule ~~shall~~<u>must</u> be processed under the Rules of Discipline in the same manner as proceedings involving acts of misconduct, except that emergency or interim proceedings ~~authorized under rule 3-5.2 shall~~<u>must</u> be processed as stated in ~~that~~ rule<u> 3-5.2</u>.

~~**(c)    Reinstatement to Practice.**  A member who has been classified as inactive under this rule may be reinstated in the same manner as in proceedings for reinstatement after suspension for acts of misconduct.~~

**(dc) Proceedings Upon Adjudication of Incapacity or Hospitalization Under the Florida Mental Health Act or Under the Authority of Applicable Law.** ~~An attorney~~A lawyer may be classified as inactive and prohibited from practicing law if the lawyer ~~who~~ has been adjudicated as incapacitated from the practice of law or is hospitalized under the Florida Mental Health Act or the authority of other applicable law concerning the capability of ~~an attorney~~a lawyer to practice law ~~may be classified as an inactive member and shall refrain from the practice of law. Upon receipt of notice that a member has been adjudicated as incapacitated or is hospitalized under the Florida Mental Health Act or the authority of other applicable law concerning the capability of an attorney to practice law,~~. The Florida Bar ~~shall~~must file a notice ~~thereof~~ with the Supreme Court of Florida on receipt of information that a member has been adjudicated as incapacitated or is hospitalized under the Florida Mental Health Act or the authority of other applicable law concerning the capability of a lawyer to practice law. ~~Thereafter,~~ Tthe court ~~shall~~then will issue an order classifying the member as an inactive member.

~~If an order of restoration is entered by a court having jurisdiction or the attorney is discharged from hospitalization under the Florida Mental Health Act or the authority of other applicable law concerning the capability of an attorney to practice law, the attorney may be reinstated in the same manner as in proceedings for reinstatement after suspension for acts of misconduct.~~

**(ed) Proceedings Upon Consent to Incapacity.** ~~An attorney~~A lawyer may consent to classification of inactive due to incapacity ~~not for misconduct~~ in the same manner as provided in rule 3-7.9 of these Rules Regulating The Florida Bar.

**(e) Effect of Incapacity.** Any order placing a lawyer on the inactive list for incapacity under this subdivision immediately precludes the lawyer from accepting any new cases and, unless otherwise ordered, permits the lawyer to continue to represent existing clients for only the first 30 days after issuance of the order. Any fees paid to the lawyer during the 30-day period must be deposited in a trust account from which withdrawals may be made

- 26 -

only in accordance with restrictions imposed by the court. An order placing the lawyer on interim probation under this subdivision may preclude the lawyer from accepting new cases either immediately or during a time specified in the order and may require that the lawyer deposit any fees paid to the lawyer during a specified time period in a trust account from which withdrawals may be made only in accordance with restrictions imposed by the order. After the first 30 days, the lawyer must cease practicing law.

**(f)** **Misconduct.** If misconduct is alleged, the bar may determine whether it is appropriate to request placement on the inactive list or prosecute the underlying misconduct.

**(g)** **Reinstatement to Practice.** A member who has been classified as inactive under this rule may be reinstated in the same manner as in proceedings for reinstatement after suspension for acts of misconduct. A member who has been adjudicated as incapacitated or hospitalized under the Florida Mental Health Act or the authority of other applicable law may be reinstated under proceedings for reinstatement after suspension only if an order of restoration is entered or the lawyer is discharged from hospitalization.


## RULE 3-7.15. PROCEDURES ON FROZEN TRUST ACCOUNTS

**(a)** **Effect of Order Restricting Lawyer Trust Account.** Any order of emergency suspension, interim probation, or interim placement on the inactive list that restricts the lawyer in maintaining a trust account will be served on the respondent and any bank or other financial institution maintaining any trust account against which the respondent may make withdrawals. The order enjoins the bank or financial institution from making further payment from the trust account or accounts on any obligation, except in accordance with restrictions imposed by the court or a court-appointed referee. Bar counsel will serve a copy of the Supreme Court of Florida's order freezing a lawyer's trust account on any bank in which the respondent's accounts that are subject to the order are held.

**(b) Appointment of Referee.**  The Supreme Court of Florida will promptly appoint or direct the appointment of a referee on determination that funds have been misappropriated from a lawyer's trust or other account as provided above.

**(c)    Referee's Authorization and Claims to Trust Funds.** The court's order appointing a referee under this rule may authorize the referee to determine entitlement to trust funds in any frozen account.  Any client or third party claiming entitlement to trust funds in any frozen account must provide a petition, with supporting documents proving entitlement to trust funds, requesting release of frozen funds with The Florida Bar.  The Florida Bar will file the petitions and supporting documents with the referee.

**(d)    Notice by Florida Bar.**  The bar will provide information to the appointed referee from bar audits and other existing information regarding persons claiming entitlement to frozen trust funds.  The bar will notify persons known to bar staff in writing via regular first class mail, e-mail, or other applicable means of their possible interest in funds contained in the frozen account.  The notices will include a copy of the form of a petition requesting release of frozen trust funds to be filed with the referee and instructions for completing the form.  The bar will publish in the local county or city newspaper published where the lawyer practiced before suspension a notice informing the public that the lawyer's account has been frozen and those persons with claims on the funds should contact listed bar counsel within 30 days after publication whenever possible.

**(e)    Appointment and Payment of Receiver.**  The referee may appoint a receiver to determine the persons rightfully entitled to the frozen trust funds if there are no responses to the notices mailed and published by the bar within 90 days from the date of the notice or if the amount in the frozen account is over $100,000.  The receiver will be paid from the corpus of the trust funds unless the referee orders otherwise.

**(f)      Summary Proceedings.**  The referee will unfreeze the trust funds if the amount in the frozen account is $5,000 or less and no persons with potential entitlement to frozen trust funds respond to the bar's mailed or published notices within 90 days from the date of the notice.

**(g)      Referee Review of Frozen Trust Account Petitions.** The referee determines when and how to pay the claim of any person entitled to funds in the frozen account after reviewing the bar's audit report, the lawyer's trust account records, the petitions filed, or the receiver's recommendations.  The referee may hold a hearing if the bar's audit report or other reliable evidence shows that funds have been stolen or misappropriated from the lawyer's account.  Subchapter 3-7 will not apply to a referee hearing under this rule.  No pleadings may be filed other than petitions requesting release of frozen trust funds.  The parties to this referee proceeding are those persons filing a petition requesting release of frozen trust funds.  The bar is not a party to the proceeding.  The referee's order is the final order in the matter unless one of the parties petitions for review of the referee's order to the Supreme Court of Florida.  The sole issue before the referee is determination of entitlement to the frozen trust funds.  The referee determines the percentage of monies missing from the respondent's trust account and the amounts owing to those petitioners requesting release of frozen trust funds.  The referee will order a pro rata distribution if there are insufficient funds in the account to pay all claims in full.

**(h)      Separate Funds in Frozen Trust Accounts.**  The referee will order return of any separate funds to their rightful owner(s) in full on the filing of a petition requesting release of frozen trust funds with proof of entitlement to the funds.  Separate funds are monies deposited into the respondent's trust account after the misappropriation, which are not affected by the misappropriation, and funds that have been placed in a separate segregated individual trust account under the individual client's tax identification number.

**(i)      Review by Supreme Court of Florida.**  The referee's final order is subject only to direct petition for review by a party

claiming entitlement to the frozen trust funds.  The petition for review must be filed within 60 days of the referee's final order. Briefing schedules after the petition for review is filed are set forth in subchapter 3-7 of these rules.


**RULE 3-7.16.   LIMITATION ON TIME TO OPEN INVESTIGATION**

   **(a)   Time for Initiating Investigation of Complaints and Re-opened Cases.**

      (1) – (2)   [No Change]

      (3)   *Deferred Investigations.*  A disciplinary investigation that began with the opening of a discipline file and bar inquiries to a respondent within the 6-year time period as described in this rule and was then deferred under bar policy and the Rules Regulating The Florida Bar, is not time barred under this rule if a grievance committee finds probable cause and the bar files its formal complaint within 1 year after actual notice of the conclusion of the civil, criminal, or other proceedings on which deferral was based, if the 6-year time period would have otherwise expired.

   **(b) – (d)**   [No Change]